ANNETTE J. McCOLLUM, Appellant, v. GEORGE A. CRAIN, Respondent.

St. Louis Court of Appeals, March 31, 1903.

1. **Fraudulent Conveyances:** HINDER AND DELAY CREDITOR: ACTION FOR TORT WITHIN THE STATUTE. The conveyances made by the husband of plaintiff for the use and benefit of her and their children, were without consideration, and constituted a conveyance of all his property, and were therefore fraudulent and void as to his creditors; and the suit for malicious prosecution pending against him at the time of making such conveyances was a claim within the statute of frauds, and as to it said conveyances were fraudulent and void, no matter what may have been the intention of the grantor therein.

2. ———: ———: ———. The fact that the suit was an action ex delicto made no difference, as such suits are within the statute.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

STATEMENT.

On June 3, 1901, Callie G. Boughton recovered, in the Cape Girardeau Court of Common Pleas, a judgment against Jesse W. McCollum for $600. An execution was issued on this judgment and delivered to the sheriff of Stoddard county who, by direction of plaintiff and her attorney, levied upon the following lots in the city of Dexter, in the said county, as the property of Jesse McCollum, to-wit: All of lots 14, 15, 16 and 17, and seventy feet off of the north end of lots 14 and 15, and thirty feet off of the north end of lots 16 and 17, and ninety feet off of the north end of lots 1 and 2, all in block 21 in the city of Dexter. Also lots 3, 4, 5, 6 and 7, block 4, and lots 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and

12, block 5; and lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 in block 6, in McCollum's addition to the city of Dexter.

After the levy was made the lots were duly advertised by the sheriff for sale. Before the day of sale, plaintiff sued out a temporary writ of injunction against the sheriff, restraining the sale of said lots. Plaintiff claimed to be the owner in fee of all of said lots and alleged that the sale under the execution would cast a cloud over her title and do her irreparable injury.

The answer alleged that the suit in which the judgment was rendered was commenced in June, 1895, and was continuously pending until the final judgment was rendered; that when the suit was commenced Jesse McCollum was the owner in fee of all the lots levied upon, but that pending the suit he made a voluntary conveyance thereof to his wife (the plaintiff) and two of his minor children, with the intent to hinder and delay plaintiff in the collection of her demand.

The reply denied generally the affirmative allegations in the answer.

On the trial the following admissions were made.

"It is admitted by counsel that Jesse W. McCollum was the original owner of the land and property in controversy, and that he is the common source of title. ·

"It is admitted that plaintiff was the wife of J. W. McCollum at all times mentioned and that the two children mentioned in the deeds are their children.

"It is admitted that the judgment upon which the execution was issued was rendered June 3, 1901.

"It is admitted that the suit of Callie G. Boughton against Jesse W. McCollum, in which judgment was rendered in the Cape Girardeau Common Pleas Court on the 3d day of June, 1901, as stated in plaintiff's petition, was brought in the year 1895, in the circuit court of Stoddard county; that that suit was continuously pending in that court until the change of venue to the common pleas court of Cape Girardeau county; that it

continued to be pending in that court until the judgment of June 3, 1901, was rendered.''

To show title in her, plaintiff read in evidence the following deeds:

First. A deed dated February 19, 1899, from the trustees of Dexter Hall Company (of which Jesse McCollum was one) to plaintiff, to lots 16 and 17, in block 16, original town of Dexter, duly acknowledged, and recorded February 19, 1889.

Second. Deed from Jesse W. McCollum and wife, to Russell A. Sisler, dated December 2, 1898, conveying ninety feet off of the north end of lots 1 and 2, block 21, original town of Dexter, duly acknowledged and recorded.

Third. Deed from Jesse W. McCollum and A. J. McCollum, his wife, dated March 23, 1898, to Russell A. Sisler, conveying ''all of lots 14, 15, 16 and 17, block 16, of the city of Dexter, seventy feet off of the north end of lots 14 and 15, block 21, of the city of Dexter, lots 3, 4, 5, 6 and 7, block 4, of McCollum's addition to the city of Dexter, thirty feet off of the north end of lots 16 and 17, block 21, city of Dexter, lots 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12, block 5, McCollum's addition to the city of Dexter, and lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14, McCollum's addition to the city of Dexter, together with a stock of drugs now situate in the building on the north end of lots 16 and 17, block 21, of the city of Dexter,'' duly acknowledged and recorded.

Fourth. Deed dated December 2, 1898, from Russell A. Sisler and wife, to A. J. McCollum, Harry McCollum and Fred McCollum, conveying ninety feet off of the north end of lots 1 and 2, block 21, original town of Dexter, duly acknowledged and recorded.

Fifth. Deed dated April 20, 1898, from Russell A. Sisler and Georgia Sisler, his wife, to A. J. McCollum, Harry McCollum and Freddie R. McCollum, conveying ''all of lots 14, 15, 16 and 17, block 16, of the city of Dexter, seventy feet off of the north end of lots 14 and

15, block 21, of the city of Dexter, lots 3, 4, 5, 6 and 7, block 4, of McCollum's addition to the city of Dexter, thirty feet off of the north end of lots 16 and 17, block 21, city of Dexter, lots 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12, block 5, McCollum's addition to the city of of Dexter, and lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14, block 6, McCollum's addition to the city of Dexter, together with one stock of drugs now situate in the building on the north end of lots 16 and 17, and one saloon stock situated on lots 14 and 15 in the city of Dexter,'' duly acknowledged and recorded.

In respect to the giving of these deeds, Jesse W. McCollum testified as follows:

''My name is Jesse W. McCollum, aged sixty-nine, live at Dexter, Missouri, was formerly in the drug and saloon business, but have been retired since early in the year 1898. I deeded the property in suit to my wife and children on account of my advanced age. I did not know how long I would live. I have two boys, both quite young, and in the event of my death I wanted them and my wife to have the property in suit. I wanted to arrange the matter that when I did pass away it would be unnecessary to appoint an administrator or incur any expense on that account. I did not owe a dollar to any person in the world and there were no judgments of any kind against me when I transferred the property; as I said, I was old and knew I could not live a great while at best, and while I could legally do so I wanted to put the title to this property in my wife and children. My wife has had absolute control and management of the property since the transfer. One of my boys is now twelve years of age and the other ten. I made the transfer in perfect good faith and without any intention of defrauding creditors. I had no creditors. Since then I have had nothing to do with the management or control of the property; have not been responsible for its obligations nor shared in its profits.''

Russell A. Sisler testified that the consideration for

the deeds was love and affection and that they were made to carry out the wishes of Jesse W. McCollum.

On April 9, 1900, Jesse McCollum recovered a judgment against Thomas J. Ulen and E. J. Malone, in the Mississippi Circuit Court, for $1,770, which judgment he, on the fifteenth day of June, 1901, assigned to his wife, A. J. McCollum.

The court dissolved the injunction and dismissed plaintiff's bill, from which judgment she duly appealed.

*Mozley & Wammack* for appellant.

*C. L. Keaton* for respondent.

(1) In the language of the Supreme Court: "It is the settled law of Missouri that land fraudulently conveyed may be sold on execution of a creditor as though no conveyance had ever been made, and the purchaser, upon proof of fraud, is entitled to a decree vesting the title in him." R. S. 1899, sec. 2499; Slatterley v. Jones, 96 Mo. 216; Jacobs v. Smith, 89 Mo. 673; Lionberger v. Baker, 88 Mo. 447. And in such case the fraudulent grantee will be decreed trustee for the purchaser. Woodard v. Mastin, 106 Mo. 324; Kuntz v. Troll, 86 App. 649. (2) "The only answer to these questions is that the property was equally open to the suit of a creditor, whether in the hands of the fraudulent vendor or fraudulent vendee." Lander v. Ziehr, 150 Mo. 403; Snyder v. Free, 114 Mo. 367. (3) Callie G. Boughton's action against J. W. McCollum was for tort, hence, was a lawful action under our statute. R. S. 1899, sec. 3398; Bump on Fraudulent Conveyances (4 Ed.), sec. 503. "A demand arising from a tort is in force from the time of the commission of the wrong." "A judgment is prima facie a claim only from the institution of a suit." Yet "Evidence may be introduced to show that a judgment is founded upon a prior claim." Bump on Fraudulent Convey-

ances (4 Ed.), secs. 503, 506 and 507; Blue v. Penniston, 27 Mo. 272.

BLAND, P. J.—1. The well-settled law is, that a voluntary conveyance, by a debtor of his property, the effect of which is to hinder and delay his creditors, is fraudulent as to such creditors. The conveyances of Jesse McCollum and wife to Russell Sisler, and back from Sisler to Mrs. McCollum and the two minor children, were voluntary, as is clearly shown by the uncontradicted evidence. By these conveyances and the assignment of the judgment against Ulen and Malone, Jesse McCollum stripped himself of property. The conveyances, therefore, had the effect to hinder and delay Mrs. Boughton in the collection of her judgment and were fraudulent and void as to her. Jesse McCollum's intentions may have been morally correct. But it is not the intent of the grantor that the statute of frauds regards, but the effect of the voluntary conveyance upon the claim of his creditors.

2. Mrs. Boughton's suit against Jesse McCollum was for malicious prosecution. For the reason that the action was in tort, plaintiff claims the demand was not embraced within the meaning of the statute of frauds against voluntary conveyances until reduced to a judgment, and that Mrs. Boughton stands in the attitude of a subsequent creditor, and, therefore, it devolved upon the defendant to show that Jesse McCollum made the conveyances with the actual intent to hinder and delay his subsequent creditors. The authorities are numerous that the statute extends its protection to all classes of claims including actions *ex delicto* as well as for a breach of contract. Bump on Fraudulent Conveyances, sec. 503, and authorities cited in foot notes 3 and 4.

3. In their briefs and argument, counsel treat lots 16 and 17, block 16, original town of Dexter, as being included in the levy of the sheriff. The abstracts fail

to show that they were levied on. If they had been, it is clear that as to them the injunction should have been made perpetual, as they were acquired by Mrs. McCollum long prior to the accrual of Mrs. Boughton's cause of action, and at a time when Mr. McCollum was not indebted to her or anyone else.

It follows that the judgment should be affirmed. All concur.